UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT WILLIAMS, JR.                                              PLAINTIFF

V.                                              CIVIL NO. 3:25-CV-344-DPJ-ASH

CAPITAL CITY MOTORS, INC.,
WYNN'S EXTENDED CARE, INC., AND
CREDIT ACCEPTANCE CORPORATION                    DEFENDANTS

ORDER

Plaintiff Robert Williams claims a used truck he purchased from Defendant Capital City
Motors, Inc. (Capital City) was a lemon and that Defendants failed to fix it despite an extended
warranty. Compl. [1-1]. There are three pending motions. Capital City moves to dismiss [14]
under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants Credit Acceptance
Corporation (Credit Acceptance) and Wynn's Extended Care, Inc. (Wynn's) both seek an order
compelling Williams to arbitrate his claims. *See* Mots. [8, 11]. As explained below, the Court
denies Capital City's motion to dismiss for lack of subject-matter jurisdiction and grants the two
motions to compel arbitration.

I.      Facts and Procedural History

On January 25, 2024, Williams purchased a 2016 Chevrolet Silverado 1500 from Capital
City, a Mississippi corporation. Compl. [1-1] ¶ 9; *see also* Def.'s Mem. [15] at 1. Williams
financed that purchase with a retail installment contract (RIC), which Capital City assigned to
Defendant Credit Acceptance. Not. [1] at 2. Williams also purchased a vehicle service contract
(VSC) with Defendant Wynn's. Compl. [1-1] ¶ 12.

Three days after the purchase, the vehicle's engine failed. Williams took the vehicle to a
repair shop where it took approximately one month to fix and cost $1,856.96. *Id.* ¶ 10. One

month after that, the engine failed again, costing Williams another $2,026.85. *Id.* ¶ 11. Williams says "Defendants failed to pay for the [vehicle] repairs" claiming they were "not covered under the contracts." *Id.* ¶¶ 17, 20.

On April 8, 2025, Williams filed his Complaint [1-1] in state court against the three Defendants alleging eight claims: (1) breach of service contract, (2) negligence and/or gross negligence, (3) tortious breach of service contract, (4) Magnuson-Moss Warranty Act, (5) breach of implied warranties of merchantability and fitness for a particular purpose, (6) negligent misrepresentations, (7) common-law fraud and/or fraudulent and/or negligent and/or grossly negligent misrepresentation, and (8) economic duress. *Id.* ¶¶ 15–57. Defendant Credit Acceptance filed a notice of removal [1] with consent from Defendants Capital City and Wynn's. Not. [1] at 1; Not. [1-3] at 1 (Capital City's consent to removal); Not. [1-4] at 1 (Wynn's consent to removal).

Once in federal court, both Credit Acceptance and Wynn's filed separate motions to compel Williams to arbitrate his claims against them. Mots. [8, 11]. Williams did not oppose those motions, but Capital City did if the motions might be construed to require Capital City's participation. Def.'s Resp. [22]; Def.'s Mem. [23]. Capital City also moved to dismiss [14] asserting that the Court lacks subject-matter jurisdiction. Because Capital City questions subject-matter jurisdiction, the Court will address the motion to dismiss before considering the motions to compel arbitration.

I.     Motion to Dismiss

Capital City argues that it must be dismissed under Rule 12(b)(1), which requires dismissal for "lack of subject-matter jurisdiction." "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Capital City's motion implicates two jurisdiction-granting statutes—28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1331 (federal question).

    A.    Diversity Jurisdiction

Diversity jurisdiction requires a dispute among parties that are "citizens of different States" over an amount exceeding $75,000. 28 U.S.C. § 1332. Williams is a Mississippi citizen; so is Capital City. Not. [1] at 4. And according to Capital City, Williams improperly joined it in this case to defeat diversity jurisdiction—as stated in the Notice of Removal. *See* Def.'s Mem. [15] at 1. Capital City also states that because the time to seek remand has passed, it must be dismissed. *Id.* at 1–2.[1]

Neither party offered a substantive argument explaining why each state-law claim against Capital City should fail. Moreover, Williams's decision not to seek remand did not concede that those claims should fail or that Capital City must be dismissed. While the Notice of Removal did mention improper joinder, it first asserted that "[t]his Court has federal question jurisdiction over this civil action . . . based upon the Magnuson-Moss Warranty Act ("MMWA") claim asserted in the Complaint. *See* 15 U.S.C. § 2301, et seq." Not. [1] at 3 (also citing 28 U.S.C. § 1331).

Capital City joined in that notice, thus acknowledging federal-question jurisdiction. *See* Not. [1-3] at 1. It also concedes as much when it offers merits-based arguments for dismissing the MMWA claim against it. *See* Def.'s Mem. [15] at 2. And because there is a federal question, any motion to remand would have been frivolous.

---

[1] In general terms, improper joinder occurs when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

In sum, federal-question jurisdiction exists.  And because Capital City says "the basis for dismissal is lack of subject-matter jurisdiction," Def.'s Reply [21] at 2–3, its motion under Rule 12(b)(1) is denied.

B.    Federal Question and the MMWA

Capital City alternatively notes that the Court would have discretion under 28 U.S.C. § 1441(c) "to retain Capital City as a defendant against Plaintiff's [MMWA] claim while severing and remanding the state-law claims."  Def.'s Mem. [15] at 2.  But it argues that the Court should instead dismiss the MMWA claim because Capital City assigned the "sales contract" (the RIC) to Credit Acceptance.  *Id.*  Therefore, according to Capital City, "Credit Acceptance 'stands in the shoes of' Capital City with regard to Plaintiff's claims, so that dismissal of Capital City on the [MMWA] claim is proper."  *Id.* (quoting *Ford v. White*, 495 So. 2d 494, 497 (Miss. 1986)).

There are two problems with this.  First, *Ford* does not address the MMWA, and Capital City offered no additional authority.  *See* 495 So. 2d at 496-97.  Second, Capital City pivots from this argument in its reply, asserting that the MMWA claim fails because Williams limited it to the "written warranties covering the vehicle's repairs"—i.e., the VSC—and Capital City is not a party to that written contract.  Reply [21] at 2.  That appears to be the correct construction of the Complaint.  *See* Compl. [1-1] ¶ 32 (addressing the "Subject service contract" within MMWA count); *id.* ¶ 33 (alleging that "breach of the written warranties covering the vehicle's repair(s)" violated MMWA).  But if the MMWA claim is limited to the VSC, then Capital City's RIC assignment is irrelevant.

As to the argument that Williams limited the MMWA claim to the VSC, Capital City correctly notes that it was not a party to that written warranty.  It then says "[o]nly those who are

parties are liable *for breach of contract*." Reply [21] at 1–2 (emphasis added) (quoting *Mitchell v. Atlas Roofing Mfg. Co.*, 149 So. 2d 298, 303 (Miss. 1963)). *Mitchell* is not an MMWA case, and Williams never had an opportunity to respond to this argument because Capital City raised it in reply.

Williams is entitled to notice and an opportunity to be heard, which is why the Court generally "refuse[s] to consider arguments raised for the first time in reply briefs." *Dettor v. Miss. Veterans Home*, No. 3:09-CV-DPJ-FKB, 2010 WL 1609728, at *2 (S.D. Miss. Apr. 20, 2010) (quoting *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008)). For these reasons, the Court denies the motion to dismiss the MMWA claim without prejudice.

C.    Loose Ends

If Capital City again seeks dismissal, there are issues that require more attention. Both Capital City and Williams say the Court has "discretion" under 28 U.S.C. § 1441(c) to keep the state-law claims against Capital City or sever and remand them. Def.'s Mem. [15] at 2; Pl.'s Mem. [19] at 4. Section 1441(c) applies when a party joins a federal-question claim (like the MMWA claims) with claims lacking "original or supplemental jurisdiction." 28 U.S.C. § 1441(c)(1)(B). When that happens, the court "*shall* remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c) (emphasis added). Thus, severance/remand under § 1441(c) is mandatory but occurs only "[w]hen the requirements of original or supplemental jurisdiction are *not* satisfied" for the claims under § 1441(c)(1)(B). *S J Associated Pathologists, P.L.L.C. v. Cigna Healthcare of Tex., Inc.*, 964 F.3d 369, 374 (5th Cir. 2020) (emphasis added).

So before the Court considers mandatory severance and remand under § 1441(c), it must address whether supplemental jurisdiction exists for the state-law claims under 28 U.S.C.

§ 1367(a).  *Id.*  If supplemental jurisdiction does exist over Williams's state-law claims against Capital City, then the Court would not reach § 1441(c).  It would, however, consider whether to decline supplemental jurisdiction under 28 U.S.C. § 1367(c).  The parties should address these issues if Capital City files another motion to dismiss.

II.      Motions to Compel Arbitration

Credit Acceptance and Wynn's both moved to compel arbitration against Williams. Def.'s Mot. [8]; Def.'s Mot. [11].  Williams did not oppose those motions, and the time to do so has passed.  Having fully considered the unopposed motions, the Court agrees that arbitration is appropriate.  The motions are therefore granted, and the claims against Credit Acceptance and Wynn's will be administratively closed.  The Court retains jurisdiction to resolve disputes stemming from this Order, including the enforcement of the award.  *U-Save Auto Rental of Am. Inc. v. Furlo*, 368 F. App'x 601, 602 (5th Cir. 2010) (affirming district court order retaining jurisdiction after ordering arbitration).

III.     Conclusion

The Court has considered all arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Defendant Capital City's motion to dismiss [14] for lack of subject-matter jurisdiction is denied as is its alternative request to dismiss the MMWA claim on the merits.  If Capital City wishes to seek dismissal of the MMWA claim and remand of the state-law claims, it must file that motion within 14 days.  Defendant Credit Acceptance's motion to compel arbitration [8] is granted, and Defendant Wynn's motion to compel arbitration [11] is granted.  Williams's claims against those parties must be arbitrated, the cases against them are administratively closed, and the Court retains jurisdiction over those disputes.

**SO ORDERED AND ADJUDGED** this the 24th day of October, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE